Citation Nr: 21050009
Decision Date: 08/13/21 Archive Date: 08/13/21

DOCKET NO. 12-27 454
DATE: August 13, 2021

REMANDED

Entitlement to service connection for a left knee disorder, to include arthritis, is remanded.

 

REASONS FOR REMAND

The Veteran served on active duty with the United States Air Force from July 1969 to July 1973. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a May 2011 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in St. Petersburg, Florida.

In September 2016 and May 2018, the Board remanded the claim for further development.

In the March 2020 Board decision, the Board denied service connection for a left knee disorder, to include arthritis. The Veteran appealed the Board's decision to the United States Court of Appeals for Veterans Claims (CAVC or the Court). In April 2021 the Veteran and the Board filed a Joint Motion for Remand (Joint Motion), vacating the Board's decision and remanding the Veteran's claim for service connection for a left knee disorder. 

Entitlement to service connection for a left knee disorder, to include arthritis, is remanded.

The Veteran contends that his diagnosed left knee degenerative arthritis is due to his active service. Specifically, he contends that the left knee bursitis he had while on active duty is the cause of his current left knee disorder.

Service treatment records (STRs) reflect that while on active duty in August 1969, he was seen and treated for a left knee issue. At the time, the examiner diagnosed the Veteran with left knee bursitis. He was seen on three non-consecutive occasions in August 1969 for these complaints, including treatment with an injection. At the final follow-up visit, the examiner reported that the Veteran's left knee was still tender with moderate pain, but no further swelling; the impression is handwritten and difficult to read, but appears to state strain or stress syndrome. At his June 1973 separation examination, the Veteran endorsed a history of arthritis, rheumatism, or bursitis, but the examiner documented bursitis in his right knee associated with pain and swelling. The Veteran denied "trick" or locked knee and otherwise denied all relevant symptoms. 

Pursuant to the Board's September 2016 remand, the Veteran was afforded another VA examination in February 2017. The examiner diagnosed the Veteran with left knee strain and left knee degenerative arthritis. Diagnostic testing confirmed degenerative arthritis in the Veteran's left knee. The examiner opined that the Veteran's left knee disorder was less likely than not incurred in or caused by the claimed in-service injury, event, or illness. The examiner explained that the Veteran's enlistment examination was normal. The Veteran's STRs reveal that he was treated for knee left knee issues eight days apart, which, according to the examiner, indicates the condition was acute and transitory. The Veteran reported that he learned to take care of the issue himself. He did not have any physical therapy while in service. He did not take any medication on a regular basis. He did not have any permanent profile while in the military. He was recommended for bedrest, but his drill sergeant said no. The Veteran's separation examination was marked normal, and the Veteran marked no to trick or locked knee. The Veteran stated that he was in good health at the time of separation. However, there is a note that addressed the Veteran's right knee, and not the left knee, and stated no complications or sequalae. On this record, the examiner reasoned that, after a review of the medical records, and in consideration of acute and transitory in-service events, as well as normal pertinent subsequent separation clinical evaluation and history, chronicity and continuity could not be demonstrated for the left knee. Consequently, the examiner opined that a connection could not be established between the claimed left knee disorder and an in-service event.

The April 2021 JMR found that a remand was necessary due to the Board's failure to ensure substantial compliance with its September 2016 remand directives. Specifically, the parties found that the February 2017 medical opinion failed to address all of the Board's remand directives. The February 2017 examiner did not address, as asked in the September 2016 remand, whether the in-service bursitis, which was severe enough to warrant an injection, combined with stress on the knee from basic training and duties loading missiles, may have led to the gradual development of osteoarthritis over time. Accordingly, the parties found remand warranted. 

The Board, in turn, now finds that remand for an addendum opinion is needed to address this inadequacy. 

The matter is REMANDED for the following action:

Arrange to obtain from a physician or other appropriate clinician an opinion addressing the etiology of the Veteran's left knee osteoarthritis. 

The clinician must provide an opinion as to whether it is at least as likely as not that the Veteran's left knee osteoarthritis is related to the bursitis treated in service, the strain on the knee from basic training, and the Veteran being on his knees loading missiles onto aircraft.

In doing so, the examiner must address whether the bursitis in conjunction with strain on the knee such as from loading missiles onto aircraft and having to participate in full basic training even when rest and light duty for his knee was prescribed, caused the gradual development of osteoarthritis over time.

The clinician may not rely solely on the fact that the Veteran's knees were evaluated as normal at separation, or that there was a notation in the separation examination indicating that his bursitis had resolved. 

The clinician must also consider the Veteran's statement made during the August 2010 VA examination that although his in-service left knee symptoms resolved after a month, he experienced recurrent symptoms once or twice per year which became chronic around 2005 (i.e. the last 5 years preceding the August 2010 examination). 

As such, the examiner is asked to explain why the Veteran's statements make it more or less likely that a current condition started during service. If indicated, it should be explained whether there is a **medical** reason to believe that the Veteran's recollection of his symptoms during and after service may be inaccurate or not medically supported as the onset or cause of his current diagnosis. 

The examiner should not rely on silence in the medical records unless it can be explained: (a) why the silence in the available records can be taken as proof that the symptom(s) did not occur, including why the fact would have normally been recorded if present, or (b) why the absence of medical records is medically significant. 

The clinician should also review the articles on bursitis and osteoarthritis submitted by the Veteran. 

 

 

Corey Bosely

Acting Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board Laroche, N.

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.